IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Michael Mead, | ) | |
| | ) | C/A No.: 0:11-cv-3017-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER TRANSFERRING CASE** |
| | ) | |
| GASTON COUNTY POLICE DEPARTMENT, | ) | |
| NORTH CAROLINA STATE BUREAU OF | ) | |
| INVESTIGATIONS, WILLIAM J. FARLEY, | ) | |
| Individually, and in his capacity as the Chief of | ) | |
| Police for the Gaston County Police Department, | ) | |
| JAMES W. BUIE, Individually, and in his | ) | |
| capacity as the Assistant Chief of Police for the | ) | |
| Gaston County Police Department, CALVIN | ) | |
| SHAW, Individually, and in his capacity as | ) | |
| Captain of the Gaston County Police | ) | |
| Department, CHRISTOPHER REYNOLDS, | ) | |
| Individually, and in his capacity as a Sergeant | ) | |
| for the Gaston County Police Department, | ) | |
| CHRISTIE L. RHONEY, Individually, and in | ) | |
| her capacity as a Sergeant for the Gaston County | ) | |
| Police Department, REGINALD BLOOM, | ) | |
| Individually, and in his official capacity as a | ) | |
| Detective for the Gaston County Police | ) | |
| Department, CHRISTOPHER HASKETT, | ) | |
| Individually, and in his capacity as a Detective | ) | |
| for the Gaston County Police Department, | ) | |
| WILLIAM E. HOWELL, Individually, and in | ) | |
| his capacity as a Detective for the Gaston County | ) | |
| Police Department, WILLIAM SAMPSON, | ) | |
| Individually, and in his capacity as a Detective | ) | |
| for the Gaston County Police Department, | ) | |
| CHRISTOPHER McAULAY, Individually, and | ) | |
| in his capacity as a Detective for the Gaston | ) | |
| County Police Department, MATTHEW | ) | |
| HENSLEY, Individually, and in his capacity as a | ) | |
| Detective for the Gaston County Police | ) | |
| Department, J.K. SHAW, Individually, and in | ) | |
| his capacity as a Detective for the Gaston County | ) | |
| Police Department, WILLIAM GALLOWAY, | ) | |
| Individually, and in his capacity as a Detective | ) | |

1

| | |
|---|---|
| for the Gaston County Police Department, | ) |
| CLYDE PUTNAM, Individually, and in his | ) |
| capacity as an Employee for the Gaston County | ) |
| Police Department, J.D. COSTNER, | ) |
| Individually, and as an Officer for the Gaston | ) |
| County Police Department, MARK STEWART, | ) |
| Individually, and in his capacity as an Officer | ) |
| for the Gaston County Police Department, | ) |
| RENEE MULLIS, Individually, and in her | ) |
| Capacity as an Investigator / Agent for the | ) |
| North Carolina State Bureau of Investigations, | ) |
| JOHN and JANE DOE, Individually, and | ) |
| in their capacities as employees of Gaston | ) |
| County Police Department and/or the North | ) |
| Carolina State Bureau of Investigations, and | ) |
| DOE BOND COMPANY, | ) |
|                        Defendants. | ) |
| | ) |

This matter comes before the court pursuant to the defendants' motion to dismiss (ECF No. 29). The parties have fully briefed this matter, and the court also invited oral argument. For the reasons stated below, the court finds that venue in the District of South Carolina is improper but denies the motion to dismiss and elects instead to transfer the case to the United States District Court for the Western District of North Carolina.

**I.     FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed this action in this court against the Gaston County Police Department, North Carolina State Bureau of Investigations, and numerous individual defendants alleging violations of 28 U.S.C. § 1983 and § 1988 as well as state law claims under the law of the state of North Carolina. Plaintiff alleges that he was wrongfully arrested, incarcerated, prosecuted for murder as a result of the defendants' actions.

Plaintiff is a resident of South Carolina. Plaintiff alleges that his girlfriend, Lucy Johnson, was a resident of Gaston County, North Carolina. Johnson's body was found in the remains of her home after a fire. At the time of her death, Johnson was pregnant with a child identified by DNA to be a match with Plaintiff. Plaintiff alleges that the defendants then began to investigate him as a suspect for that member.

Plaintiff alleges that the defendants came to his house in South Carolina to gather evidence and that they interviewed witnesses in South Carolina including his minor son. The defendants conducted several searches in South Carolina, and Plaintiff consented to some searches while others were conducted pursuant to warrants. The defendants collected some evidence in South Carolina, but they evaluated all the evidence at their offices in Gaston County North Carolina. The defendants also conducted an investigation at the site of Johnson's home in North Carolina, which was the site of the murder. They interviewed witnesses in North Carolina and directed the investigation from their offices in North Carolina. All of the defendants are residents of North Carolina.

The Gaston Police defendants[1] now ask this court to dismiss the action based on improper venue. The defendants also—"out of an abundance of caution"—challenge process and service of process. (Defs.' Mem. Supp. Mot. Dismiss, ECF No. 29.) Finally, the defendants contend that the police department is not subject to suit and therefore that this court has no personal jurisdiction over defendant Gaston County Police Department.

---

[1] The Gaston Police defendants include the Gaston Police Department, William J. Farley, James W. Buie, Calvin Shaw, Christopher Reynolds, Christie L. Rhoney, Reginald Bloom, Christopher Haskett, William E. Howell, William Sampson, Christopher McAulay, Matthew Hensley, J.K. Shaw, William Galloway, Clyde Putnam, J.D. Costner, and Mark Stewart. The remaining defendants have not appeared.

## II. LEGAL STANDARD

In a case that involves numerous defendants, upon a challenge to venue, the plaintiff bears the burden of proving that venue is proper as to each claim and as to each defendant. *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.*, 784 F. Supp. 306 (D.S.C. 1992). In a federal question case such as this one where there is not a separate venue provision, 28 U.S.C. § 1391(b) provides the applicable venue provisions:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (2006).

If venue is improper, the court must then determine whether to transfer or to dismiss a case. *Jarrett v. North Carolina*, 868 F. Supp. 155, 159 (D.S.C. 1994) (citing 28 U.S.C. § 1406(a)). If a district court determines that venue is improper, it may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer a case or dismiss it is committed to the sound discretion of the district court. *United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981). A district court does not abuse its discretion when it denies a plaintiff's request to transfer rather than dismiss a case when it determines that "the plaintiff's attorney could reasonably have foreseen that the venue in which he filed was improper." *Jarrett*, 868 F. Supp. at 160–61 (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993). On the other hand, numerous courts have

4

determined that it is in the interest of justice to transfer a case to a proper forum rather than dismiss a case where the statute of limitations might prevent a plaintiff from instituting a new suit.  *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965); 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3827 n.31 (3d. ed. 2011) (collecting cases).

### III.   DISCUSSION

First, the court finds that venue in this district is improper.  Both parties agree that venue in this circumstance is determined by 28 U.S.C. § 1391(b)(2), but they disagree whether a "substantial part of the events giving rise to the claim occurred" in the District of South Carolina.  The defendants argue that a substantial part of the relevant events did not occur in this district.  The defendants note that Plaintiff alleges that they mishandled the investigation, and they argue that all of the decisions surrounding the investigation took place in North Carolina.  Though there were some investigations in South Carolina, the defendants argue that these were merely ancillary to the main investigation that occurred in North Carolina.  Plaintiff concentrates on the aspects of the investigation that took place in South Carolina and details the numerous allegations stemming from activities within this district.  (*See* Pl.'s Mem. Opp. 6, ECF No. 33).

Though some action did take place in this district, the overwhelming majority of actions occurred in Gaston County, North Carolina. The core allegations in this case stem from an allegedly mishandled investigation—an investigation that was directed from North Carolina and in which North Carolina defendants made the key decisions in North Carolina.  The murder scene was in North Carolina and evidence gathered from that

scene—as well as any gathered in South Carolina—was evaluated at the defendant's offices in Gaston County. Finally, the subsequent indictment, incarceration, and trial all took place in North Carolina. Though some investigation did occur in South Carolina, the court finds that those activities do not constitute a substantial part of the events giving rise to this claim. As a result, the court finds that venue in the District of South Carolina is improper.

Next, the court must determine whether to transfer or dismiss the case. The court's power to transfer or dismiss a case pursuant to § 1406(a) arises when a defendant timely objects to venue. *See* 28 U.S.C § 1406(b). In this case, the Gaston Police defendants filed a motion to dismiss seeking outright dismissal of the action and arguing that plaintiff should have reasonably foreseen that venue in this district was improper. Defendants argue that this case is similar to *Jarrett*, where the district court dismissed the case because of a lack of personal jurisdiction and improper venue where the defendant's had only one "isolated contact" with South Carolina. 868 F. Supp. at 159.

Plaintiff argues that the court should consider transfer rather than dismissal of the case. Plaintiff asserts that even if events in South Carolina do not rise to the level of substantial, they do support a finding that plaintiff's attempt to lay venue in this district was made in good faith. Finally, Plaintiff argues against dismissal because the statute of limitations may bar plaintiff from re-filing this case should it be dismissed. Plaintiff points to the date of arrest, January 9, 2009, as a critical date and one where the statute of limitations *may* have begun to run.

The court finds that transfer rather than dismissal of the action is the appropriate remedy. While the events in this case are insufficient to support venue in this district, the numerous events that did occur in this state indicate that the plaintiff acted in good faith in filing the case in this district. Also, unlike in *Jarrett*, the defendants in this case challenge personal jurisdiction as to only one of the many defendants. *See Jarrett*, 868 F. Supp. at 157 (finding that the court did not have personal jurisdiction over any of the defendants). Moreover, Plaintiff points to a potential statute of limitations bar if the case is dismissed, and the application of a statute of limitations has been one of the traditional grounds cited for transfer rather than dismissal.

As noted above, the primary allegations in this case are directed at actions that occurred in Gaston County, North Carolina. Accordingly, the court finds that the case should be transferred to the Western District of North Carolina.

Finally, the court need not address defendants' arguments regarding personal jurisdiction as well as process and service of process. While a court will typically consider jurisdiction first, the Supreme Court has recognized that a court may consider venue before considering personal jurisdiction where the jurisdiction issue is novel or complex. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) (noting that the case before it was an appropriate one in which to reverse the normal order, since the Court thought it clear that venue was improper while the question of personal jurisdiction would have raised a novel constitutional question). Here, the personal jurisdiction issue requires the application of disputed North Carolina law to one of the defendants. Therefore, the court has chosen to address the venue objection first. As to process and

7

service of process issues, the court merely notes that plaintiff's time to effect proper service has not expired and plaintiff appears engaged in ongoing efforts to effect such service prior to that deadline.

**IV.  CONCLUSION**

For the reasons discussed above, the court denies defendant's motion to dismiss the case and elects instead to transfer the case.

It is, therefore, ordered that this action be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Western District of North Carolina, and that the Clerk of this court is directed to transmit to the Clerk of that court the complete record in this case, including all papers filed, orders entered, and proceedings had in this action in this court, certified under the seal of this court.

IT IS SO ORDERED.

February 27, 2012                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge